LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Joseph S. Maniscalco, Esq.
Shannon Anne Scott, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
AT BOWLING GREEN
-----------------------------------------------------------------x
In re:                                                              Chapter 7
                                                                    Case No: 08-11975-BRL
ROBERT CALDICOTT,

        Debtor.
-----------------------------------------------------------------x
Gregory Messer, Esq., as the Chapter 7 Trustee of the
Estate of Robert Caldicott,

        Plaintiff,
  -against-                                                        Adv. No.

Heskell Khozouri-Zadeh and 358 Washington Street LLC,

        Defendant.
-------------------------------------------------------------X

## COMPLAINT

Plaintiff, Gregory Messer, Esq., as Chapter 7 Trustee (the "Plaintiff") of the Estate of Robert Caldicott (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, as and for his complaint against defendants Heskell Khozouri-Zadeh (the "Heskell") and 358 Washington Street LLC ("Washington LLC") (Heskell and Washington Street are collectively referred to herein as the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 521, 541, 542, 544, 549, 550 and 551.

1

## JURISDICTION AND VENUE

2. This adversary proceeding arises in a case under Title 11 of the United States Code.

3. Jurisdiction of this adversary proceeding is conferred upon this Court by 28 U.S.C. §§ 157(a) and 1334(b), and Rules 6009 and 7001 of the Federal Bankruptcy Rules of Procedure ("Bankruptcy Rules") and the Standing Order of this District, referring all cases under Title 11, and all matters arising in or under, or related to, a case under Title 11, to the Bankruptcy Judges of this District.

4. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E) & (O).

## BACKGROUND

6. On May 27, 2008 (the "Filing Date"), the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York.

7. By Order of the Court dated October 1, 2008 (the "Conversion Date"), this case was converted to one under Chapter 7 of Title 11 of the Bankruptcy Code (the May 26, 2008 through September 30, 2008 constitutes the "Chapter 11 Period").

8. Thereafter, by Notice of Appointment, Gregory Messer, Esq., was appointed interim Trustee and has since qualified as the permanent Trustee of the of the Debtor's estate.

9. Plaintiff is authorized to commence this action pursuant to §323 of the Bankruptcy Code and Rule 6009.

10. The Debtor is an individual with an address at 170 Flower Hill Road,

Huntington, New York 11743.

11. Prior to the Filing Date, the Debtor worked in the mortgage brokerage business.

12. Heskell is an individual with an address at either 64 Ruby Lane, Plainview, New York 11803 or 358 Washington St., Hempstead, New York.

13. Washington LLC is a domestic limited liability company incorporated under the laws of the State of New York with a business address of 64 Ruby Lane, Plainview, New York 11803.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

14. On February 17, 2009, pursuant to an Order entered December 8, 2008 directing the turnover of documents and examination of the Debtor under Bankruptcy Rule 2004, the Plaintiff's counsel examined the Debtor (the "Examination").

15. The Debtor testified under oath at the Examination.

16. The Debtor was represented by counsel at the Examination.

**A. The Mortgages Held By the Debtor on the Hempstead Property**

17. The Plaintiff's counsel examined the Debtor concerning two (2) mortgages listed on Schedule B to the Petition held in favor of the Debtor, which mortgages are property of the estate.

18. The Debtor listed on Schedule B to the Petition a mortgage in favor of the Debtor, as lender, from Heskell, borrowed, in the amount of $20,000 (the "20K Mortgage").

19. The 20K Mortgage was based upon a mortgage secured by the property, known as and located at, 358 Washington Street, Hempstead, New York 11550 (the "Hempstead Property") and was granted by the Debtor on or about March 30, 2006.

3

20. Both Heskell and Washington LLC signed the 20K Mortgage, as mortgagors.

21. The 20K Mortgage was to be paid with interest thereon to be computed from March 30, 2006 at the rate of 6.125% per annum and to be paid in three hundred sixty (360) equal monthly installments in the amount of $121.52 on the 1st day of each month commencing on May 1, 2006 up to and including April 1, 2036.

22. The Debtor also listed on Schedule B to the Petition a mortgage in favor of the Debtor from Heskell in the amount of $70,000 (the "70K Mortgage")(the 20K Mortgage and the 70K Mortgage are collectively referred to as the "90K Mortgages").

23. The 70K Mortgage was based upon a mortgage secured by the Hempstead Property and was granted by the Debtor on or about March 30, 2006.

24. Both Heskell and Washington LLC signed the 70K Mortgage, as mortgagors.

25. The 70K Mortgage was to be paid with interest thereon to be computed from March 30, 2006 at the rate of 6.125% per annum and to be paid in three hundred sixty (360) equal monthly installments in the amount of $425.33 on the 1st day of each month commencing on May 1, 2006 up to and including April 1, 2036.

26. Heskell is the owner of the Hempstead Property.

27. At the Examination, the Debtor testified that the 90K Mortgages were being paid on a monthly basis and were current.

28. At the Examination, the Debtor testified that he has been collecting the monthly mortgage payments for the 90K Mortgages.

29. At the Examination, the Debtor was directed to have all future payments under the 90K Mortgages be paid to the Plaintiff.

30. On February 18, 2009, Plaintiff's counsel communicated with Heskell concerning the 20K Mortgage and the 70K Mortgage and directed Heskell to make all future payments to the Plaintiff rather than the Debtor.

31. On February 20, 2009, Plaintiff's counsel was contacted by Heskell and informed Plaintiff's counsel that Heskell had already negotiated with the Debtor to pay a reduced payoff amount of the 20K Mortgage and the 70K Mortgage during the Chapter 11 Period.

**B.    The Post Petition Transfer**

32. On September 30, 2008, Heskell paid to the Debtor via cashier's check no. 1641292 the amount of $10,000.00 payable through Bank of America, to satisfy the 20K Mortgage ("Transfer I").

33. On September 30, 2008, Heskell paid to the Debtor via cashier's check no. 1641293 the amount of $42,500.00 payable through Bank of America, to satisfy of the 70K Mortgage ("Transfer II")(Transfer I and Transfer II are collectively referred to as the "Transfers").

34. As a result of the foregoing, Heskell paid to the Debtor the total sum of $52,500.00 in alleged satisfaction of the 90K Mortgages.

35. By a Satisfaction of Mortgage dated September 30, 2008, the Debtor certified that the 20K Mortgage is paid and consented that the 20K Mortgage to be discharged of record (the "Satisfaction of the 20K Mortgage").

36. By a Satisfaction of Mortgage dated September 30, 2008, the Debtor certified that the 70K Mortgage is paid and consented that the 70K Mortgage to be discharged of record (the "Satisfaction of the 70K Mortgage")(the Satisfaction of the 20K Mortgage and

the Satisfaction of the 70K Mortgage are collectively referred to herein as the "Satisfactions").

37. The Transfers occurred without authority from the Court.

38. Upon information, Defendant knew or should have known of the Debtor's bankruptcy.

39. The Transfers were made without the Plaintiff's knowledge or consent.

40. The Transfers were made for less than fair consideration and/or reasonable equivalent value.

41. The Transfers occurred on the day the case was converted to Chapter 7.

42. The Transfers were cashed during the Chapter 7 Period.

**FIRST CLAIM FOR RELIEF**
(Unauthorized Post-Petition Transfer)
(Incorporating All Previous Allegations)

43. The Transfers occurred after the commencement of the Debtor's bankruptcy case.

44. The Transfers were each a transfer of property of the Debtors' estate, which was not authorized by the Bankruptcy Code or the Court.

45. Pursuant to §549 of the Bankruptcy Code, the Plaintiff may avoid a transfer of property of the estate which was made after the commencement of the case and which was not authorized by the Bankruptcy Code or the Court.

46. By virtue of the foregoing, pursuant to §§ 549 and 550 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against defendant Heskell: (a) directing Heskell to immediately turn over the value of the Transfers in the amount due and owing by Heskell under the 90K Mortgages, to be determined at trial, but in no event less than $52,500.00,

together with interest thereon to the Plaintiff; (b) for a money judgment against Heskell for the value of the Transfers in the amount due and owing by Heskell to the Debtor under the 90K Mortgages, to be determined at trial, but in no event less than $52,500.00, together with interest thereon; and (c) for the value of any other transfer made by the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial.

### SECOND CLAIM FOR RELIEF
(Unauthorized Post-Petition Transfer)
(Incorporating All Previous Allegations)

47. By virtue of the foregoing, pursuant to §§ 549 and 550 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against defendant Washington LLC: (a) directing Washington LLC to immediately turn over the value of the Transfers in the amount due and owing by Washington LLC under the 90K Mortgages, to be determined at trial, but in no event less than $52,500.00, together with interest thereon to the Plaintiff; (b) for a money judgment against Washington LLC for the value of the Transfers in the amount due and owing by Washington to the Debtor under the 90K Mortgages, to be determined at trial, but in no event less than $52,500.00, together with interest thereon; and (c) for the value of any other transfer made by the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial.

### THIRD CLAIM FOR RELIEF
(Unauthorized Post-Petition Transfer)
(Incorporating All Previous Allegations)

48. The Debtor provided the Satisfactions to Heskell after the commencement of the Debtor's bankruptcy.

49. The granting of the Satisfactions constitutes the transfer of an interest in property of the estate, which was not authorized by the Bankruptcy Code or the Court.

50. Pursuant to § 549 of the Bankruptcy Code, the Plaintiff may avoid a transfer of property of the estate which occurred after the commencement of the case and which was not authorized by the Bankruptcy Code or the Court.

51. By virtue of the foregoing, pursuant to §§ 549 and 550 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against defendant Heskell: (a) setting aside the Satisfactions and declaring the estate to be the rightful mortgagee of the 90K Mortgages; (b) directing that the County Clerk or City Register record the Order of the Court and strike the Satisfactions from the public record; (c) directing that Heskell make payments due and owing under the 90K Mortgages to the Plaintiff, in an amount to be determined at trial, together with interest, thereon, plus attorneys' fees and costs; and (d) for the value of any other transfer made by Heskell, which the Plaintiff reserves the right to prove and recover upon at trial.

**FOURTH CLAIM FOR RELIEF**
(Unauthorized Post-Petition Transfer)
(Incorporating All Previous Allegations)

52. The Debtor provided the Satisfactions to Washington LLC after the commencement of the Debtor's bankruptcy.

53. By virtue of the foregoing, pursuant to §§ 549 and 550 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against defendant Washington LLC: (a) setting aside the Satisfactions and declaring the estate to be the rightful mortgagee of the 90K Mortgages; (b) directing that the County Clerk or City Register record the Order of the Court and strike the Satisfactions from the public record; (c) directing that Washington LLC make payments due and owing under the 90K Mortgages to the Plaintiff, in an amount to be determined at trial, together with interest, thereon, plus attorneys' fees and costs; and (d) for the value of any other transfer made by Washington LLC, which the Plaintiff reserves the

right to prove and recover upon at trial.

### FIFTH CLAIM FOR RELIEF
(Turnover of Property of the Estate)
(Incorporating All Previous Allegations)

54. The Debtor has a legal and/or equitable interest in the Transfers.

55. The Debtor's legal and/or equitable interest in the Transfers is property of the estate within the meaning of 11 U.S.C. § 541.

56. By reason of the foregoing, the Plaintiff is entitled to an Order, under §§ 541 and 542 of the Bankruptcy Code: (a) directing Heskell to turnover the value of the Transfers to the Plaintiff in an amount to be determined, but in no event less than $90,000.00, together with interest thereon; (b) for a money judgment against the Heskell in the amount of $90,000.00, together with interest thereon; and (c) for the value of any other transfer made by Heskell, which is property of the estate that the Plaintiff reserves the right to prove and recover upon at trial.

### SIXTH CLAIM FOR RELIEF
(Turnover of Property of the Estate)
(Incorporating All Previous Allegations)

57. By reason of the foregoing, the Plaintiff is entitled to an Order, under §§ 541 and 542 of the Bankruptcy Code: (a) directing Washington LLC to turnover the value of the Transfers to the Plaintiff in an amount to be determined, but in no event less than $90,000.00, together with interest thereon; (b) for a money judgment against the Washington LLC in the amount of $90,000.00, together with interest thereon; and (c) for the value of any other transfer made by Washington LLC, which is property of the estate that the Plaintiff reserves the right to prove and recover upon at trial.

9

### **SEVENTH CLAIM FOR RELIEF**
(Declaratory Judgment)
(Incorporating All Previous Allegations)

58.     The 20K Mortgage is property of the Debtor's estate pursuant to §541 of the Bankruptcy Code.

59.     By virtue of the foregoing, there is an actual justiciable controversy that exists between the Plaintiff and the Defendants.

60.     By reason of the foregoing, the Plaintiff is entitled to an Order providing for a declaratory judgment determining that the Plaintiff is the owner and holder of the 20K Mortgage and directing the County Clerk or City Register record the Order of the Court declaring the estate to be the rightful mortgagee of the 20K Mortgage.

### **EIGHTH CLAIM FOR RELIEF**
(Declaratory Judgment)
(Incorporating All Previous Allegations)

61.     The 70K Mortgage is property of the Debtor's estate pursuant to §541 of the Bankruptcy Code.

62.     By virtue of the foregoing, there is an actual justiciable controversy that exists between the Plaintiff and the Defendants.

63.     By reason of the foregoing, the Plaintiff is entitled to an Order providing for a declaratory judgment determining that the Plaintiff is the owner and holder of the 70K Mortgage and directing the County Clerk or City Register record the Order of the Court declaring the estate to be the rightful mortgagee of the 70K Mortgage.

**WHEREFORE,** Plaintiff, Gregory Messer, Esq., Chapter 7 Trustee of the estate of Robert Caldicott, demands judgment against the Defendants as follows:

A. On his first claim for relief against the Defendant Heskell for an Order under §§ 549 and 550 of the Bankruptcy Code: (a) directing Heskell to immediately turn over the value of the Transfers in the amount due and owing by Heskell under the 90K Mortgages, to be determined at trial, but in no event less than $52,500.00, together with interest thereon to the Plaintiff; (b) for a money judgment against Heskell to the Debtor for the value of the Transfers in the amount due and owing by Heskell under the 90K Mortgages, to be determined at trial, but in no event less than $52,500.00, together with interest thereon; and (c) for the value of any other transfer made by the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial; and

B. On his second claim for relief against the Defendant Washington LLC for an Order under §§ 549 and 550 of the Bankruptcy Code: (a) directing Washington LLC to immediately turn over the value of the Transfers in the amount due and owing by Washington LLC under the 90K Mortgages, to be determined at trial, but in no event less than $52,500.00, together with interest thereon to the Plaintiff; (b) for a money judgment against Washington LLC for the value of the Transfers in the amount due and owing by Washington LLC to the Debtor under the 90K Mortgages, to be determined at trial, but in no event less than $52,500.00, together with interest thereon; and (c) for the value of any other transfer made by the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial; and

C. On his third claim for relief against the Defendant Heskell for an Order under §§ 549 and 550 of the Bankruptcy Code: (a) setting aside the Satisfactions and declaring the estate to be the rightful mortgagee of the 90K Mortgages; (b) directing that the County Clerk or City Register record the Order of the Court and strike the Satisfactions from the public record; (c) directing that Heskell make payments due and owing under the 90K Mortgages to the Plaintiff, in an amount to be determined at trial, together with interest, thereon, plus attorneys' fees and costs; and (d) for the value of any other transfer made by Heskell, which the Plaintiff reserves the right to prove and recover upon at trial; and

D. On his fourth claim for relief against the Defendant Washington LLC for an Order under §§ 549 and 550 of the Bankruptcy Code: (a) setting aside the Satisfactions and declaring the estate to be the rightful mortgagee of the 90K Mortgages; (b) directing that the County Clerk or City Register record the Order of the Court and strike the Satisfactions from the public record; (c) directing that Washington LLC make payments due and owing under the 90K Mortgages to the Plaintiff, in an amount to be determined at trial, together with interest, thereon, plus attorneys' fees and costs; and (d) for the value of

      any other transfer made by Washington LLC, which the Plaintiff reserves the right to prove and recover upon at trial; and

E.   On his fifth claim for relief against the Defendant Heskell for an Order under §§ 541 and 542 of the Bankruptcy Code: (a) directing Heskell to turnover the value of the Transfers to the Plaintiff in an amount to be determined, but in no event less than $90,000.00, together with interest thereon; (b) for a money judgment against the Heskell in the amount of $90,000.00, together with interest thereon; and (c) for the value of any other transfer made by Heskell, which is property of the estate that the Plaintiff reserves the right to prove and recover upon at trial; and

F.   On his sixth claim for relief against the Defendant Washington LLC for an Order under §§ 541 and 542 of the Bankruptcy Code: (a) directing Washington LLC to turnover the value of the Transfers to the Plaintiff in an amount to be determined, but in no event less than $90,000.00, together with interest thereon; (b) for a money judgment against the Washington LLC in the amount of $90,000.00, together with interest thereon; and (c) for the value of any other transfer made by Washington LLC, which is property of the estate that the Plaintiff reserves the right to prove and recover upon at trial.

G.   On his seventh claim for relief against the Defendants Heskell and Washington LLC for the entry of an Order providing for a declaratory judgment determining that the Plaintiff is the owner and holder of the 20K Mortgage and directing the County Clerk or City Register record the Order of the Court declaring the estate to be the rightful mortgagee of the 20K Mortgage.

H.   On his eighth claim for relief against the Defendants Heskell and Washington LLC for the entry of an Order providing for a declaratory judgment determining that the Plaintiff is the owner and holder of the 90K Mortgage and directing the County Clerk or City Register record the Order of the Court declaring the estate to be the rightful mortgagee of the 90K Mortgage.

      I.      For such other, further and different relief this Court deems just and proper.

Dated: Wantagh, New York
       April 21, 2010

                                    **LAMONICA HERBST & MANISCALCO**
                                    Attorneys for Gregory Messer, Esq., as Chapter 7
                                    Trustee of the Estate of Robert Caldicott

                      By:     */s/ Joseph S. Maniscalco*
                                    Joseph S. Maniscalco, Esq.
                                    A Member of the Firm
                                    3305 Jerusalem Avenue
                                    Wantagh, New York 11793
                                    (516) 826-6500

M:\Documents\Company\Cases\Caldicott, Robert\Adversary Action 2\Complaint.wpd